UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARK MORAD,

    Plaintiff,

v.                                   Case No:   2:22-cv-239-JLB-MRM

NATASHA LYNN IANNONE,

    Defendant.

## ORDER

    Petitioner Mark Morad has filed a Notice of Resolution and Motion for Dismissal, presumably under Federal Rule of Civil Procedure 41(a)(2). (Doc. 24.) He requests that the Court "dismiss this matter with each party bearing their own costs and fees." (Id. at 1.) Mr. Morad also represents that Respondent Natasha Iannone does not oppose dismissal. (Id.) After careful review of the record, the Motion for Dismissal (Doc. 24) is **GRANTED**.

    District courts "enjoy[] broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2), Fed. R. Civ. P." Arias v. Cameron, 776 F.3d 1262, 1268 (11th Cir. 2015). Nonetheless, courts should ensure that dismissal does not prejudice the defendant and should "also weigh the relevant equities and do justice between the parties in each case . . . ." Id. at 1269 (citing McCants v. Ford Motor Co., Inc., 781 F.2d 855, 857 (11th Cir. 1986)).

    Mr. Morad, pursuant to the Hague Convention on the Civil Aspects of International Child Abduction, and the International Child Abduction Remedies

Act, sought the return of his two children to Canada.  (See Doc. 17.)  In sum, he alleged that Ms. Iannone—his wife and the mother of the children—abducted them from Alberta and refused to return from Florida where she was staying with the children.  (See id. at 4–6.)  The Court held a hearing on April 25, 2022, after which the parties indicated they were working towards private resolution of the matter.  (See Docs. 16, 20, 22.)  Mr. Morad now states that Ms. Iannone indeed "has returned with her children of her own volition and that such return makes this action moot."  (Doc. 24 at 1.)

Based on the foregoing, and mindful of the best interest of the children, the Court finds no factor that would make dismissal inappropriate here.  Accordingly, this case is **DISMISSED**, each party bearing their own costs and fees.  The Clerk is **DIRECTED** to enter judgment accordingly and close the file.  The Court commends these obviously loving parents for coming to this amicable resolution and wishes them and their children well.

**ORDERED** at Fort Myers, Florida, on May 19, 2022.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE